**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Louis Randolph,

Petitioner

v.

Jeremy Bean, et al.,

Respondents

Case No: 2:26-cv-02314-JAD-BNW

**Order Dismissing Action for Lack of Jurisdiction**

[ECF Nos. 1, 1-3]

*Pro se* Nevada prisoner Louis Randolph filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254,[1] an Application for Leave to Proceed *In Forma Pauperis*,[2] a Motion for Appointment of Counsel,[3] and requests for an evidentiary hearing.[4] I dismiss the petition with prejudice for lack of jurisdiction because the petition is an unauthorized second or successive habeas petition, and I deny the motions and requests for an evidentiary hearing as moot.

## I. Discussion

Under Habeas Rule 4,[5] the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[6] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] ECF No. 3.

[4] ECF No. 1-1 at 1.

[5] All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[6] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

incredible, or false.[7] A court may also dismiss claims at screening for procedural defects.[8]

Randolph's petition raises claims challenging his 1997 judgment for convictions for first-degree murder with use of a deadly weapon, burglary, and robbery with use of a deadly weapon in Nevada Eighth Judicial District Case No. 94C120857.[9] The Court takes judicial notice[10] that there are no subsequent intervening state-court judgments, and Randolph previously filed a federal habeas petition challenging the same state court judgment that was denied on the merits and affirmed by the Ninth Circuit Court of Appeals.[11]

If a petitioner has previously filed an application for habeas relief under section 2254 that was denied on the merits, a court cannot grant relief as to a claim that was presented in the prior application. 28 U. S. C. § 2244(b)(1). For claims not raised in a prior petition, the Court of Appeals may authorize a second or successive petition under § 2244(b)(2) if it determines that the petitioner makes a prima facie showing: (1) that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). Section 2244(b)(3) requires a petitioner to

[7] *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[8] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[9] ECF No. 1-1 at 1–2.

[10] The Court takes judicial notice of the docket for Clark County Case No. 94C120857, available here, and of the dockets for Randolph's cases filed in the United State District Court for the District of Nevada and in the Ninth Circuit Court of Appeals.

[11] *See Randolph v. Helling*, 2:02-cv-00429-RCJ-LRL (ECF Nos. 63; 64; 90; 91).

obtain leave from the court of appeals before filing a second or successive petition in district court.

The Court takes judicial notice that Randolph previously filed a petition that was dismissed as second or successive,[12] and the Ninth Circuit Court of Appeals denied his application for authorization to file a second or successive habeas corpus petition.[13] Randolph argues that his claims should be heard because he is actually innocent and attempts to rely on some Supreme Court authorities that postdate his prior petition in this Court.[14] But because he failed to secure an order from the court of appeals authorizing this action as required by § 2244(b)(3), this court lacks jurisdiction to consider his present habeas petition.[15]

## II. Conclusion

IT IS THEREFORE ORDERED that **the Clerk of Court is directed to FILE the Petition** for a Writ of Habeas Corpus [ECF No. 1-1], and that petition **is DISMISSED** with prejudice for lack of jurisdiction. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

IT IS FURTHER ORDERED that the Application for Leave to Proceed *In Forma Pauperis* **[ECF No. 1]**, Motion for Appointment of Counsel **[ECF No. 1-3]**, and all requests for an evidentiary hearing are **DENIED** as moot.

---

[12] *See Randolph v. Dzurenda*, 2:24-cv-00106-GMN-MDC (ECF No. 3); *Randolph v. Dzurenda*, 24-1647 (Dkt. 3).

[13] *See Randolph v. Johnson*, 24-4639 (Dkt. 6).

[14] ECF No. 1-1 at 7, 22–23, 64–68.

[15] *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

IT IS FURTHER ORDERED that **a certificate of appealability is DENIED** as jurists of reason would not find the court's decision debatable or incorrect.

U.S. District Judge Jennifer A. Dorsey
September 4, 2026